XIN XUN ZHENG, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, United States Attorney General, Respondents.

No. 05–1868–ag.

United States Court of Appeals, Second Circuit.

May 1, 2006.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, New York, for Petitioner.

Alice H. Martin, United States Attorney for the Northern District of Alabama, Jenny L. Smith, Assistant United States Attorney, Birmingham, Alabama, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Xin Xun Zheng, though counsel, petitions for review of the BIA decision adopting and affirming the decision of Immigration Judge ("IJ") Barbara Nelson denying his applications for asylum and withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA adopted only the IJ's adverse credibility determination but not the IJ's conclusion that Zheng's application was untimely. We therefore review the IJ's decision minus her conclusion as to untimeliness. JA at 2 (BIA Order).

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evi-

dence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ found Zheng not to be credible on account of numerous inconsistencies between Zheng's various asylum applications, and between his applications and his wife's statements. Zheng's first asylum application stated only that he violated the Chinese family planning policy and opposed sterilization. His second and third applications claimed that his wife was forced to undergo several abortions as well as a tubal ligation, and that he was detained and interrogated by government officials. His fourth application claimed that he was forcibly sterilized. His fifth application stated that his wife was forced to wear an intrauterine device and that he was forcibly sterilized. His wife stated in her credible fear interview that one of their daughters had been arrested because their family was too large, but Zheng makes no mention of this incident in his numerous applications and statements. In an affidavit submitted in conjunction with a brief to the IJ in support of his claim of arrest and forcible sterilization, Zheng explained that his first four applications had been prepared by a travel agency, and that he was not aware of their contents before he retained his current counsel.

The IJ's characterization of the record is correct, and she acted reasonably in determining that Zheng's claim of ignorance and preparer error was insufficient to account for such discrepant and inconsistent written testimony regarding the essential elements of his claim of persecution. Because Zheng was unable to present sufficient credible subjective or objective evidence showing past persecution or a well-founded fear of future persecution on account of a protected ground to establish eligibility for asylum, it necessarily follows that the IJ's denial of withholding of removal, which carries a higher burden of proof, was also proper. Because Zheng also failed to submit evidence indicating that he would likely be tortured upon return to China, the IJ's denial of CAT relief was appropriate.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).